UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR-06-017-N-EJL |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CHRIS A. CHRISTENSEN, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court in the above-entitled matter is the Defendant's Motion to Dismiss Indictment filed on August 21, 2008.  The parties have filed responsive briefing and the matter is now  ripe for the Court's consideration.  Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2)(ii).

**Factual and Procedural Background**

The indictment in this case charges the Defendant Chris A. Christensen with unlawfully dispensing a controlled substance resulting in the death of an individual in violation of 21 U.S.C. § 841(a)(1).  The Court recently granted the Defendant's request that this matter be tried separately from a related case (CR05-274-N-EJL) and scheduled the trial to begin on February 17, 2009.  (Dkt. No. 40).  The instant motion seeks dismissal of the indictment in this matter.

**Discussion**

The Indictment, filed on January 24, 2006, charges that:

> On or about February 2, 2001, in the District of Idaho, the Defendant, **CHRIS ARTHUR CHRISTENSEN**, a registrant authorized to dispense controlled substances, knowingly and intentionally distributed and dispensed a mixture and substance containing a detectable amount of methadone, Schedule II controlled substance and alprazolam, Schedule IV controlled substance to CM, outside the scope of professional practice and not for a legitimate medical purpose which resulted in the death from the use of the substance so distributed in violation of Title 21, United States Code, Section 841(a)(1).

(Dkt. No. 1). Conviction for such a violation of 21 U.S.C. § 841(a)(1) would result in an enhanced penalty of not less than twenty years or more than life pursuant to 21 U.S.C. § 841(b)(1)(C). The penalty provision, § 841(b)(1)(C), references only Schedule I and II controlled substances, not Schedule IV controlled substances. The Defendant argues the Indictment should be dismissed because it improperly invokes § 841(b)(1)(C) by alleging the dispensation of both a Schedule II and a Schedule IV controlled substances resulted in the death. Filed in support of the motion is the autopsy report which concludes that the cause of death "should be certified as combined Methadone and Alprazolam intoxication. The manner of the death appears accidental." (Dkt. No. 32). Because the death appears to have been caused by a combination of the two substances, one being a Schedule II and one being a Schedule IV controlled substance, the Defendant argues facts do not support the charge in the indictment and it must be dismissed.

The statute under which the Government has charged the Defendant makes it unlawful to "knowingly or intentionally ... distribute, or dispense ... a controlled substance" and provides a heightened sentence "if death or serious bodily injury results from the use of such substance[.]" 21 U.S.C. § 841(a)(1), (b)(1)(C). To obtain a conviction under § 841(a)(1), the Government must prove that: 1) the Defendant knowingly delivered a controlled substance to CM and 2) the Defendant knew it was a controlled substance or some other prohibited drug. United States v. Houston, 406

F.3d 1121, 1124-25 (9th Cir. 2005). To obtain the heightened minimum sentence described in § 841(b)(1)(C), the Government must also prove that the controlled substance delivered to CM actually caused CM's death. Id. However, the Government is not required to prove the death was foreseeable as an element of the drug distribution crime. Id. (Government must prove that the distribution of controlled substance was the cause-in-fact of the death but not that the death was a foreseeable result of the distribution of the controlled substance); see also Ninth Cir. Model Inst. 9.13.

"On a motion to dismiss the indictment, the allegations contained therein must be taken as true." United States v. Bellomo, 263 F.Supp. 2d 561, 579 (E.D. N.Y. 2003) (citing United States v. Goldberg, 756 F.2d 949 (2d Cir. 1985)); United States v. Lamb, 150 F.Supp. 310, 312 (N.D. Cal. 1957) ("On a motion to dismiss an Indictment on the ground that it fails to state facts sufficient to constitute an offense against the United States, this Court is bound to accept as true all well pleaded facts set forth in the Indictment.") (citations omitted). "What the Government will be able to prove at a trial is one thing, but what is charged in the Indictment is quite another. It is only the latter with which the Court is now concerned on a motion to dismiss." Lamb, 150 F.Supp. at 313.

The Defendant's motion challenges whether the Government can prove the elements of the charge as alleged in the indictment to achieve the enhanced sentence. Defendant couches the argument as a fundamental form error in the indictment warranting dismissal. The indictment, however, is not fundamentally flawed such that dismissal is required. The indictment states facts which, if true, constitute an offense against the United States to-wit distributing or dispensing of a controlled substance in violation of 21 U.S.C. § 841(a)(1). Whether or not the Government has the evidence to prove the necessary elements of the charge, and/or the enhanced sentence, is a different question and not one for the Court to prejudge. The Court is not privy to what evidence the

Government may introduce. As such, the Defendant's arguments raised in this motion are best presented to the jury for it to decide whether the Government has proven the necessary elements of its case. Accordingly, the motion to dismiss is denied.

Further, the Court has reviewed the indictment in this case and finds it is sufficient to satisfy the requirements of Rule 7 which governs the nature and contents of an indictment and requires that "[t]he indictment...shall be a plain, concise and definite written statement of the essential facts constituting the offense charged...shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." Fed. R. Crim. P. 7(c). "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge, and to enable him to plead double jeopardy. United States v. Morlan, 756 F.2d 1442, 1443 (9th Cir. 1985) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)). "Two corollary purposes of an indictment are '(1) to ensure that the defendants are being prosecuted on the basis of facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment.'" Id. (quoting Buckley, 689 F.2d 893, 896 (9th Cir. 1982) (citations omitted)). "To serve each of these functions, the indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." United States v. Lane, 765 F.2d 1376, 1380 (9th Cir. 1985) (citing Russell v. United States, 369 U.S. 749, 763 (1962) (citations omitted)). An indictment which tracks the words of the statute charging the offense is sufficient so long as the words unambiguously set forth all the elements necessary to constitute the offense. United States v. Fitzgerald, 882 F.2d 397, 399 (9th Cir. 1989). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute

the offense intended to be punished." United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986) (citations omitted). The indictment here amply informs the Defendant of the charged offense and the facts which the Government alleges make up the charge. Additionally, the indictment provides citation to and tracks the language of the statute and includes the elements of the charged offense.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court HEREBY **DENIES** Defendant's Motion to Dismiss (Dkt. No. 31). The trial remains set for February 17, 2009 at 9:30 a.m. in Coeur d'Alene, Idaho.

The Court will rule upon the pending Second Motion to Dismiss (Dkt. No. 49) and Sealed Motion (Dkt. No. 51) after the responsive briefing has been filed.

**IT IS SO ORDERED**.

DATED: **December 18, 2008**

~~Honora~~ble Edward J. Lodge
U. S. District Judge